JOYCE W. LINDAUER
Attorney at Law
8140 Walnut Hill Lane
Suite 301
Dallas, Texas 75231
(972) 503-4033 Telephone
(972) 503-4034 Facsimile
Attorney for the Debtor

IN THE UNITED STATES BANKRUPCTY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 09-38457 |
| THOMAS DICKINSON ARMOUR, III, | § | CHAPTER 11 |
| | § | |
| Debtor | § | |

## SECOND AMENDED PLAN OF REORGANIZATION
## DATED JUNE 14, 2010

  Thomas Dickinson Armour, III (the "Debtor"), proposes the following Second Amended Plan of Reorganization ("Plan") Dated June 14, 2010 pursuant to Chapter 11 of the United States Bankruptcy Code on behalf of the Debtor. The Debtor's profitability to fund his Plan is based on the amount of money that he will earn. The Debtor shall file periodic financial reports with the Court as required by the Code covering the Debtor's profitability, projections of cash receipts and disbursements for a reasonable period and a comparison of actual cash receipts and disbursements with projections in prior reports. These reports shall be available on the Court's PACER site at www.txnb.uscourts.gov using the Debtor's name and/or case number as referenced above.

# TABLE OF CONTENTS

ARTICLE I - DEFINITIONS AND USE OF TERMS ............................................................... 3

ARTICLE II - CONCEPT OF THE PLAN ........................................................................... 7

ARTICLE III - GENERAL TERMS AND CONDITIONS ........................................................ 7

ARTICLE IV - DESIGNATION OF CLASSES OF CLAIMS AND INTERESTS ........................... 8

ARTICLE V - PROVISIONS FOR SATISFACTION OF CLAIMS AND INTERESTS .................... 8

ARTICLE VI - MEANS FOR IMPLEMENTATION OF PLAN ................................................ 13

ARTICLE VII - TREATMENT OF EXECUTORY CONTRACTS

AND UNEXPIRED LEASES ........................................................................................... 13

ARTICLE VIII - PROVISIONS FOR THE RETENTION, ENFORCEMENT,

SETTLEMENT, OR ADJUSTMENT OF CLAIMS BELONGING TO THE DEBTOR

AND THE ESTATE INCLUDING PREFERENCES AND CONVEYANCES ............................... 14

ARTICLE IX - EFFECT OF CONFIRMATION .................................................................... 14

ARTICLE X - MISCELLANEOUS PROVISIONS ................................................................ 15

ARTICLE XI - MODIFICATION OF THE PLAN ................................................................ 17

ARTICLE XII - RETENTION OF JURISDICTION .............................................................. 17

# ARTICLE I
## DEFINITIONS AND USE OF TERMS

  **1.01 Defined Terms.** Unless the context otherwise requires, capitalized terms shall have the meanings set forth in this section 1.01.

  **1.01.01 Administrative Claim or Expense** means an administrative expense or Claim described in Section 503 of the Bankruptcy Code and entitled to administrative priority pursuant to Section 507(a)(1) of the Bankruptcy Code, including, but not limited to, Claims for compensation of professionals made pursuant to Sections 330 and 331 of the Bankruptcy Code, and all fees and charges assessed against the Debtor and Debtor's property under 28 U.S.C. Section 1930.

  **1.01.02 Administrative Tax Claim** means an Unsecured Claim by any governmental unit for taxes (including interest or penalties related to such taxes) for any tax year or period, all or a portion of which occurs or falls within the period from and including the Petition Date through the Effective Date.

  **1.01.03 Allowed Claim** means a Claim against the Debtor allowable under the Bankruptcy Code to the extent that (I) a proof of Claim, proof of Interest, or request for payment was timely Filed or, with leave of the Bankruptcy Court, late Filed, and as to which no objection has been timely Filed or, if Filed, is allowed by a Final Order, unless otherwise provided in this Plan or (ii) the Claim is scheduled and not listed as disputed, contingent, or unliquidated, and to which no objection has been timely Filed or, if Filed, is allowed by a Final Order.

  **1.01.04 Allowed Secured Claim** means any Allowed Claim secured by a lien, security interest, or other charge or interest in property in which the Debtor has an interest, to the extent of the value thereof (determined in accordance with Bankruptcy Code Section 506(a)).

  **1.01.05 Bankruptcy Code or Code** means the United States Bankruptcy Code, Title 11 of the United States Code Section 101 et seq., as amended.

  **1.01.06 Bankruptcy Court** means the United States Bankruptcy Court for the Northern District of Texas, or such other court that may have jurisdiction with respect to the reorganization of the Debtor pursuant to Chapter 11 of the Bankruptcy Code.

  **1.01.07 Bankruptcy Rule** means the Federal Rules of Bankruptcy Procedure.

  **1.01.08 Bar Date** means subsequent to which a proof of pre-petition Claim may not timely be Filed or the date by which proofs of claims held by governmental agencies must be filed.

1.01.09  **Case** means this Chapter 11 Bankruptcy Case in the Bankruptcy Court.

1.01.10  **Claim** shall have the meaning set forth in Bankruptcy Code Section 101(5).

1.01.11  **Claimant** means any person or entity having or asserting a Claim in the case.

1.01.12  **Class** or **Classes** mean all of the holders of Claims or Interests that the Debtor has designated pursuant to Section 1123(a)(1) of the Bankruptcy Code as having substantially similar characteristics as described in Article IV of this Plan.

1.01.13  **Confirmation** means the entry by the Bankruptcy Court of a Confirmation Order confirming this Plan.

1.01.14  **Confirmation Date** means the date on which the Confirmation Order is entered.

1.01.15  **Confirmation Hearing** means the hearing or hearings held before the Bankruptcy Court in which the Debtor will seek Confirmation of this Plan.

1.01.16  **Confirmation Order** means the Order of the Court confirming this Plan under Section 1129 of the Bankruptcy Code.

1.01.17  **Contested** when used with respect to a Claim, means a Claim against the Debtor (a) that is listed in the Debtor's Schedules of Assets and Liabilities as disputed, contingent, or unliquidated;(b) that is the subject of a pending action in a forum other than the Bankruptcy Court unless such Claim has been determined by Final Order in such other forum and Allowed by Final Order of the Bankruptcy Court; or ©) as to which an objection has been or may be timely filed and has not been denied by Final Order. To the extent an objection relates to the allowance of only a part of a Claim, such Claim shall be a Contested Claim only to the extent of the objection.

1.01.18  **Creditor** shall have the meaning specified by Section 101(9) of the Code.

1.01.19  **Debtor** means Thomas Dickinson Armour, III.

1.01.20  **Disputed Claim** means any Claim that is not an Allowed Claim.

1.01.21  **Effective Date** means thirty days after the Confirmation Date.

1.01.22  **Estate** means the estate created pursuant to Bankruptcy Code Section 541 with respect to the Debtor.

1.01.23  **Fee Claim** means a Claim under Bankruptcy Code Sections 330 or 503 for allowance of compensation and reimbursement of expenses to professionals in the Debtor's

Chapter 11 case.

    **1.01.24** **Filed** means delivered to the Clerk of the Bankruptcy Court.

    **1.01.25** **Final Order** means an Order as to which any appeal that has been taken has not been stayed following the expiration of the time for appeal or has been resolved, or as to which the time for appeal has expired.

    **1.01.26** **General Unsecured Claim** means Unsecured Claim that is not entitled to priority under Section 507(a) of the Bankruptcy Code.

    **1.01.27** **Impaired** means the treatment of an Allowed Claim pursuant to the Plan unless, with respect to such Claim, either (I) the Plan leaves unaltered the legal, equitable and contractual rights to which such Claim entitles the holder of such Claim, or (ii) notwithstanding any contractual provision or applicable law that entitles the holder of such Claim to demand or receive accelerated payment of such Claim after occurrence of a default, the Debtor (A) cures any default that occurred before or after the commencement of the Chapter 11 Case on the Petition Date, other than default of the kind specified in Section 365(b)(2) of the Bankruptcy Code; (B) reinstates the maturity of such Claim as such maturity existed before such default; (C) compensates the holder of such Claim for any damages incurred as a result of any reasonable reliance by such holder on such contractual provision or such applicable law; and (D) does not otherwise alter the legal, equitable or contractual rights to which such Claim entitles the holder of such Claim; or (iii) the Plan provides that on the Effective Date, the holder of such Claim receives, on account of such Claim, cash equal to the Allowed Amount of such Claim.

    **1.01.28** **Petition Date** means December 11, 2009, the date the Debtor's petition was filed commencing this bankruptcy case.

    **1.01.29** **Plan** means this Plan of Reorganization, as it may be amended or modified from time to time as permitted herein and by the Bankruptcy Court.

    **1.01.30** **Pre-petition** means prior to the Petition Date.

    **1.01.31** **Priority Tax Claim** means a Claim entitled to priority pursuant to Bankruptcy Code Section 507(a)(8).

    **1.01.32** **Pro Rata** means proportionately, based on the percentage that the amount of an Allowed Claim within a particular Class bears to the aggregate amount of all Allowed Claims in such Class.

    **1.01.33** **Property of the Estate** means all property in which the Debtor holds a legal or an equitable interest, including all property described in Bankruptcy Code Section 541. In a case in which the debtor is an individual, property of the estate includes, in addition to the property specified in Section 541 - (1) all property of the kind specified in section 541 that the debtor

acquires after the commencement of the case but before the case is closed, dismissed or converted to a case under another chapter; and (2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed or converted to another chapter whichever occurs first. The Debtor shall remain in possession of all property of the estate unless provided for otherwise in the Plan or Confirmation Order.

**1.01.34** **Rejection Claim** means any Claim arising pursuant to Bankruptcy Code Section 502(g) by reason of rejection by the Debtor of an executory contract or unexpired lease pursuant to Bankruptcy Code Sections 365 or 1123(b)(2).

**1.01.35** **Secured Claim** means any Claim secured by a lien, security interest, or other charge or interest in property in which the Debtor has an interest, to the extent of the value thereof (determined in accordance with Bankruptcy Code Section 506(a)).

**1.01.36** **Secured Tax Claim** means any Tax Claim which is secured by real or personal property.

**1.01.37** **Secured Creditor** or **Secured Claimant** means any Claimant holding a Secured Claim.

**1.01.38** **Unimpaired** means not Impaired.

**1.01.39** **Unsecured Claim** means any Claim not collateralized (or the extent not fully collateralized) by assets of the Debtor.

**1.01.40** **Unsecured Claimants** or **Unsecured Creditors** means any holder of an Unsecured Claim.

**1.01.41** **Voidable Transfer** means all transfers voidable under Sections 544, 545, 547, 548, 549 and/or 550 of the Code or any other state or federal transfer.

**1.02** **Number and Gender of Words**. Whenever the singular number is used, it shall include the plural, and the plural shall include the singular, as appropriate to the context. Words of any gender shall include each other gender where appropriate.

**1.03** **Terms Defined in the Bankruptcy Code**. Capitalized terms not specifically defined in section 1.01 of the Plan shall have the definitions given those terms, if applicable, in the Bankruptcy Code.

**1.04** **Headings**. The headings and captions used in this Plan are for convenience only and shall not be deemed to limit, amplify or modify the terms of this Plan nor affect the meaning thereof.

**1.05** **Time Computation.** In computing any period of time prescribed herein, the

provisions of Federal Rule of Bankruptcy Procedure Rule 9006(a) shall apply.

## ARTICLE II
## CONCEPT OF THE PLAN

**2.01 Generally.** The Plan is a plan of reorganization. The Debtor shall continue his business after the Confirmation Date. The Debtor's primary business is working as a professional golfer. The Debtor's business operations will provide the income and means for implementation are set forth in more detail in the Disclosure Statement.

## ARTICLE III
## GENERAL TERMS AND CONDITIONS

**3.01. Treatment of Claims.** This Plan is intended to resolve all Claims against the Debtor and/or property of the Debtor of whatever character, whether contingent or liquidated, or whether allowed by the Bankruptcy Court pursuant to Bankruptcy Code Section 502(a). However, only Allowed Claims will receive treatment afforded by the Plan. The Plan is designed to insure that Claimants shall receive at least as much pursuant to this Plan as they would receive in a liquidation pursuant to Chapter 7 of the Bankruptcy Code.

**3.02. Time for Filing Claims.** The holder of any Administrative Claim other than (I) a Fee Claim, (ii) a liability incurred and paid in the ordinary course of business by the Debtor, or (iii) an Allowed Administrative Claim, must file with the Bankruptcy Court and serve on the Debtor and its respective counsel, notice of such Administrative Claim within thirty (30) days after the Effective Date. At a minimum, such notice must identify (I) the name of the holder of such Claim, (ii) the amount of such Claim, and (iii) the basis of such Claim. Failure to file this notice timely and properly shall result in the Administrative Claim being forever barred and discharged.

Each Person asserting an Administrative Expense that is a Fee Claim incurred before the Effective Date shall be required to file with the Bankruptcy Court, and serve on the Debtor's counsel and the U. S. Trustee, a Fee Application within sixty (60) days after the Effective Date.

A person who is found to have received a voidable transfer shall have thirty (30) days following the date upon which the order ruling that such transfer is avoidable becomes a Final Order in which to file a Claim in the amount of such avoided transfer.

Liabilities incurred from the Petition Date through the Effective Date in the ordinary course of business shall be paid in the ordinary course of business by the Debtor.

**3.03. Modification to the Plan.** In accordance with Bankruptcy Rule 3019, to the extent applicable, this Plan may be modified or amended upon application of the Debtor, or corrected prior to the Confirmation Date, provided that notice and an opportunity for hearing have been given to any affected party. The Plan may be modified at any time after Confirmation

and before the Effective Date, provided that the Plan, as modified, meets the requirements of sections 1122 and 1123 of the Bankruptcy Code and the Bankruptcy Court, after notice and a hearing, confirms the Plan, as modified, under section 1129 of the Bankruptcy Code, the circumstances warrant such modification and Debtor consents thereto in writing. If the debtor is an individual the plan may be modified at any time after confirmation of the plan, but before the completion of payments under the plan, whether or not the plan has been substantially consummated upon request of the debtor, the trustee, the United States Trustee, or the holder of an allowed unsecured claim, to - (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan; (2) extend or reduce the time period for such payments; or (3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim made other than under the plan.

## ARTICLE IV
## DESIGNATION OF CLASSES OF CLAIMS AND INTERESTS

The Debtor designates the following Classes of Claims and Interests pursuant to Bankruptcy Code Section 1123. The Debtor shall pay all fees assessed by the Office of the United States Trustee until this Case is closed by the Court or the Debtor is otherwise released from such obligations by the Court.

**4.01.** **Class 1** consists of any Allowed Administrative Claims.

**4.02.** **Class 2** consists of any Allowed Secured Ad Valorem Tax Creditor Claims.

**4.03.** **Class 3** consists of any Allowed Secured IRS Claim.

**4.04.** **Class 4** consists of any Allowed Priority Creditor Claims.

**4.05.** **Class 5** consists of Allowed Secured Claim of GMAC.

**4.06.** **Class 6** consists of Allowed Secured Claim of GMAC Mortgage.

**4.07.** **Class 7** consists of the Allowed General Unsecured Claims.

**4.08.** **Class 8** consists of the Debtor.

## ARTICLE V
## PROVISIONS FOR SATISFACTION OF CLAIMS AND INTERESTS

The Claims and Interests classified in Article IV hereof shall be treated in the manner set forth in this Article V.

**5.01. Class 1 Claims.** The Class 1 Claims will be paid once Allowed in full by the Debtor and on or before the Effective Date. These claims are priority claims pursuant to Section 507(a)(1) of the Bankruptcy Code. These claims include claims for Debtor's attorney's fees and U.S. Trustee's fees. U.S. Trustee's fees must be paid until the case is closed. The Debtor must file quarterly reports following confirmation and until the case is closed. The Class 1 Claims may agree to a different treatment.

**5.02. Class 2 Claims.** The Class 2 Claims will be paid once Allowed in full on the Effective Date with interest thereon from the date of the filing of the petition at the rate of 12% per annum until paid in full. These claims are secured claims. These creditors shall retain their liens to secure their claims until paid in full under this Plan. In the event that the Debtor disputes such claim, the payments will be applied to the undisputed amount of the claim as ultimately allowed. While resolution of any such objection is pending, payments pursuant to the Plan shall be applied to the undisputed portion of the claim as ultimately allowed. In the event of a default under the plan, counsel for holder of a claim in this class shall provide notice of the default via facsimile to counsel for the debtor. Such default shall be cured within 15 business days of the date of transmission of such notice of default. In the event the default is not cured, the Claimant shall be entitled to pursue all amounts owed pursuant to state law outside of the Bankruptcy Court. The Claimant shall only be required to provide two notices of default. Upon a third event of default, the Claimant shall be entitled to collect all amounts owed pursuant to state law outside of the Bankruptcy Court without further notice. Failure to pay post-petition taxes prior to delinquency shall constitute an event of default.

The Class 2 Claims are Unimpaired and the holders of the Class 2 Claims are entitled to vote to accept or reject the Plan.

**5.03. Class 3 Claims.** The Class 3 Claims will be fully satisfied once Allowed as follows: In full payment on the earlier of a sale of the Debtors house from the net sales proceeds (after reasonable selling costs, taxes, real estate commissions, title company fees) or by the Debtor deeding the house to the IRS 90 days following the Effective Date at a value of $770,820 (less the then unpaid amount of the first mortgage and taxes). Following the Effective Date interest shall accrue on the Allowed Secured Claim at the rate of 4% per annum until satisfied under this Plan. The Class 3 Claims shall retain their liens until satisfied in full under this Plan. Upon payment at closing the IRS shall release its liens.

**Events of Default for IRS.** The occurrence of any of the following shall constitute an event of default under the Plan:

1) **Failure to Make Payments.** Failure on the part of Debtor to pay fully when due any payment required to be made in respect of the Plan Debt. However, due to the size and ongoing nature of the IRS's claim, upon a default under the plan, the administrative collection powers and the rights of the IRS shall be reinstated as they existed prior to the filing of the bankruptcy petition, including, but not limited to, the assessment of taxes, the filing of a notice of

Federal (or state) tax lien and the powers of levy, seizure, and as provided under the Internal Revenue Code. As to the IRS:

(A) If the Debtor or its successor in interest fails to make any plan payment, or deposits of any currently accruing employment or sales tax liability; or fails to make payment of any tax to the Internal Revenue Service within 10 days of the due date of such deposit or payment, or if the Debtor or its successor in interest failed to file any required federal or state tax return by the due date of such return, then the United States may declare that the Debtor is in default of the Plan. Failure to declare a default does not constitute a waiver by the United States of the right to declare that the successor in interest or Debtor is in default.

(B) If the United States declares the Debtor or the successor in interest to be in default of the Debtor's obligations under the Plan, then the entire imposed liability, together with any unpaid current liabilities, may become due and payable immediately upon written demand to the Debtor or the successor in interest.

(C) If full payment is not made within 14 days of such demand, then the Internal Revenue Service may collect any unpaid liabilities through the administrative collection provisions of the Internal Revenue Code. The IRS shall only be required to send two notices of default, and upon the third event of Default the IRS may proceed to collect on all amounts owed without recourse to the Bankruptcy Court and without further notice to the Debtor. The collection statute expiration date will be extended from the Petition Date until substantial default under the Plan. All payments will be sent to: /IRS, 1100 Commerce Street, Mail Code **5027** DAL, Dallas, Texas 75242 attn Leo Carey.

(D) The Internal Revenue Service shall not be bound by any release provisions in the Plan that would release any liability of the responsible persons of the Debtor to the IRS. The Internal Revenue Service may take such actions as it deems necessary to assess any liability that may be due and owing by the responsible persons of the Debtor to the Internal Revenue Service; but the Internal Revenue Service shall not take action to actually collect from such persons unless and until there is a default under the Plan and as set forth above.

The Class 3 Claims and the holders of the Class 3 Claims are entitled to vote to accept or reject the Plan.

**5.04. Class 4 Claim.** The Class 4 Claim will be paid once Allowed as follows: In cash and in full on the Effective Date.

**Events of Default for IRS.** The occurrence of any of the following shall constitute an event of default under the Plan:

1) **Failure to Make Payments.** Failure on the part of Debtor to pay fully when due any payment required to be made in respect of the Plan Debt. However, due to the size and ongoing nature of the IRS's claim, upon a default under the plan, the administrative collection powers and the rights of the IRS shall be reinstated as they existed prior to the filing of the bankruptcy petition, including, but not limited to, the assessment of taxes, the filing of a notice of Federal (or state) tax lien and the powers of levy, seizure, and as provided under the Internal Revenue Code. As to the IRS:

    (A) If the Debtor or its successor in interest fails to make any plan payment, or deposits of any currently accruing employment or sales tax liability; or fails to make payment of any tax to the Internal Revenue Service within 10 days of the due date of such deposit or payment, or if the Debtor or its successor in interest failed to file any required federal or state tax return by the due date of such return, then the United States may declare that the Debtor is in default of the Plan. Failure to declare a default does not constitute a waiver by the United States of the right to declare that the successor in interest or Debtor is in default.

    (B) If the United States declares the Debtor or the successor in interest to be in default of the Debtor's obligations under the Plan, then the entire imposed liability, together with any unpaid current liabilities, may become due and payable immediately upon written demand to the Debtor or the successor in interest.

    (C) If full payment is not made within 14 days of such demand, then the Internal Revenue Service may collect any unpaid liabilities through the administrative collection provisions of the Internal Revenue Code. The IRS shall only be required to send two notices of default, and upon the third event of Default the IRS may proceed to collect on all amounts owed without recourse to the Bankruptcy Court and without further notice to the Debtor. The collection statute expiration date will be extended from the Petition Date until substantial default under the Plan. All payments will be sent to: /IRS, 1100 Commerce Street, Mail Code **5027** DAL, Dallas, Texas 75242 attn Leo Carey.

    (D) The Internal Revenue Service shall not be bound by any release provisions in the Plan that would release any liability of the responsible

persons of the Debtor to the IRS. The Internal Revenue Service may take such actions as it deems necessary to assess any liability that may be due and owing by the responsible persons of the Debtor to the Internal Revenue Service; but the Internal Revenue Service shall not take action to actually collect from such persons unless and until there is a default under the Plan and as set forth above.

The Class 4 Claims and the holders of the Class 4 Claims are entitled to vote to accept or reject the Plan.

**5.05. Class 5 Claim**. The Class 5 Claim will be paid in accordance with its original loan documents.

The Class 5 Claim is unimpaired and the holder of the Class 5 Claim is not entitled to vote to accept or reject the Plan.

**5.06. Class 6 Claim**. The Class 6 Claim will be paid in accordance with its original loan documents.

The Class 6 Claim is unimpaired and the holder of the Class 6 Claim is not entitled to vote to accept or reject the Plan.

**5.07. Class 7 Claims**. The Class 7 Claims will be paid once Allowed 100% on the Effective Date. The Class 7 Claims shall be paid 100% of their Allowed Claim amounts.

The Class 7 Claims are Impaired and the holders of the Class 7 Claims are entitled to vote to accept or reject the Plan.

**5.08. Class 8 Claim.** The Debtor shall retain all of his exempt and non-exempt property. Debtor's monthly income shall be contributed to make the payments called for by this Plan.

## ARTICLE VI
## MEANS FOR IMPLEMENTATION OF PLAN

**6.01 Implementation of Plan.** This Plan will be implemented, pursuant to § 1123(a)(5) of the Code, by the commencement of payments as called for above. If the Debtor does not confirm his Plan his case may be dismissed with prejudice to refiling for 2 years.

# ARTICLE VII

## TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**7.01. Rejection of Executory Contracts and Unexpired Leases.** Debtor shall assume, pursuant to Bankruptcy Code Section 1123(b)(2), all by separate Motions unexpired leases of non-residential real property and executory contracts prior to the Confirmation Date.

**7.02. Reservation of Rights.** The Debtor shall have the right to assume or reject, pursuant to Bankruptcy Code Section 365, prior to the Confirmation Date, any executory contract or unexpired lease of real property (to the extent permitted under the Bankruptcy Code).

**7.03. Bar Date for Claims Based on Rejection.** If the rejection of an executory contract or an unexpired lease by the Debtor results in damages to the other party or parties to such contract or lease, a Claim for such damages shall be forever barred and shall not be enforceable against the Debtor or their properties or agents, successors, or assigns, unless a proof of Claim is filed with the Bankruptcy Court and served upon the Debtor, by the earlier of (a) the end of the month following the period in which the Effective Date occurs or (b) such other deadline as the Court may set for asserting a Claim for such damages. Any Rejection Claim arising from the rejection of an unexpired lease or executory contract shall be treated as a General Unsecured Claim; *provided, however*, that any Rejection Claim based upon the rejection of an unexpired lease of real property either prior to the Confirmation Date or upon the entry of the Confirmation Order shall be limited in accordance with section 502(b)(6) of the Bankruptcy Code and state law mitigation requirements. Nothing contained herein shall be deemed an admission by the Debtor that such rejection gives rise to or results in a Claim or shall be deemed a waiver by the Debtor of any objections to such Claim if asserted.

# ARTICLE VIII

## ENFORCEMENT, SETTLEMENT, OR ADJUSTMENT OF CLAIMS

**8.01. The Debtor's Causes of Action.** Except as otherwise released pursuant to the Plan, all Claims recoverable under Section 550 of the Bankruptcy Code, all Claims against third parties on account of an indebtedness, and all other Claims of any kind or character whatsoever owed to or in favor of the Debtor or the Estate to the extent not specifically compromised and released pursuant to this Plan or any agreement referred to and incorporated herein, are hereby preserved and retained for enforcement by the Debtor for the benefit of the Creditors subsequent to the Effective Date.

**8.02. Objections to Claims.** Any party authorized by the Bankruptcy Code may object to the allowance of Pre-petition Claims at any time prior to sixty (60) days after the Effective

Date and, as to Rejection Claims, at any time prior to sixty (60) days after the filing of any such Rejection Claim. Any proof of Claim filed after the Court sets bar dates shall be of no force and effect and shall be deemed disallowed. All Contested Claims shall be litigated to Final Order; *provided, however,* that the Debtor may compromise and settle any Contested Claim, subject to the approval of the Bankruptcy Court. Notwithstanding the foregoing, a person who is found to have received a voidable transfer shall have thirty (30) days following the date upon which the order ruling that such transfer is avoidable becomes a Final Order in which to file a Claim in the amount of such avoided transfer.

No distributions under this Plan shall be made to the holder of a Claim that is in dispute, unless and until such Claim becomes an Allowed Claim. If a Claim is disputed in whole or in part because the Debtor asserts a right of offset against such Claim or recoupment against the holder of such Claim, then, if and to the extent the Claim giving rise to the offset or recoupment is sustained by Final Order, the Claim in dispute shall be reduced or eliminated and, if applicable, the holder of such Claim shall be required to pay the amount of such offset or recoupment, less the amount of its Allowed Claim. In addition, any party authorized by the Bankruptcy Code, at anytime, may request that the Court estimate any contingent, disputed or unliquidated Claim pursuant to Section 502(c) of the Bankruptcy Code, regardless of any prior objections.

## ARTICLE IX
## EFFECT OF CONFIRMATION

**9.01.** **Discharge and Release of Debtor**. Pursuant to Bankruptcy Code Section 1141(d)(2), confirmation of this Plan does not discharge the Debtor because he is an individual. After completion of plan payments to the unsecured creditors, the Debtor may reopen the case to apply for a discharge. See 11 U.S.C. Section 1141(5). On a hardship basis the Debtor intends to seek a discharge prior to completion of all payments under Section 1141(5)(B) after the expiration of sixty (60) months following Confirmation and the payment of the unsecured creditors as called for by the Plan.

**9.02** **Released Entities**. None of the officers, financial advisors, attorneys, or employees of the Debtor (collectively the "Released Entities") shall have any liability for actions taken or omitted to be taken in good faith under or in connection with the Plan.

**9.03.** **Legal Binding Effect**. The provisions of this Plan, pursuant to the Bankruptcy Code Section 1141 shall bind the Debtor and all Creditors, whether or not they accept this Plan. The distributions provided for Claimants shall not be subject to any Claim by another creditor or interest holder by reason of any assertion of a contractual right of subordination.

**9.04.** **Permanent Injunction**. Confirmation of the Plan shall result in the issuance of a permanent injunction against the commencement or continuation of any judicial, administrative, or other action or proceeding on account of any Claims against the Debtor, the Released Entities

and any other entity against whom prosecution of the any Claims could result in a Claim being asserted against the Debtor that could arise directly or indirectly out of a claim against the Debtor.

From and after the Confirmation Date, all holders of Claims against the Debtor are restrained and enjoined (a) from commencing or continuing in any manner, any action or other proceeding of any kind with respect to any such Claim against the Debtor, his Assets, or against his financial advisors or attorneys; (b) from enforcing, attaching, collecting, or recovering by any manner or means, any judgment, award, decree, or order against the Assets or the Debtor or against its financial advisors or attorneys; c) from creating, perfecting, or enforcing any encumbrance of any kind against the Assets, or the Debtor or against their financial advisors or attorneys; (d) from asserting any setoff, right of subrogation, or recoupment of any kind against any obligation due the Debtor; and (e) from performing any act, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan; *provided, however,* that each holder of a Contested Claim may continue to prosecute its proof of Claim in the Bankruptcy Court and all holders of Claims shall be entitled to enforce his rights under the Plan and any agreements executed or delivered pursuant to or in connection with the Plan. Such restraint shall continue until the Debtor has been granted a discharge by the Court or such creditor is paid in full as called for by the Plan.

## ARTICLE X
## MISCELLANEOUS PROVISIONS

**10.01. Request for Relief Under Bankruptcy Code Section 1129.** In the event any Impaired Class shall fail to accept this Plan in accordance with Bankruptcy Code Section 1129(a), the Debtor reserves the right to, and does hereby request the Bankruptcy Court to confirm the Plan in accordance with Bankruptcy Code Section 1129(b).

**10.02. Revocation.** The Debtor reserves the right to revoke and withdraw this Plan at any time prior to the Confirmation Date.

**10.03. Effect of Withdrawal or Revocation.** If the Debtor revokes or withdraws this Plan prior to the Confirmation Date, or if the Confirmation Date or the Effective Date does not occur, then this Plan shall be deemed null and void. In such event, nothing contained herein shall be deemed to constitute a waiver or release of any Claims by or against the Debtor or any other person or to prejudice in any manner the rights of the Debtor or any person in any further proceedings involving the Debtor.

**10.04. Due Authorization by Creditors.** Each and every Claimant who elects to participate in the distributions provided herein warrants that it is authorized to accept in consideration of its Claim against the Debtor the distributions provided in the Plan and that there are no outstanding commitments, agreements, or understandings, express or implied, that may or can in any way defeat or modify the rights conveyed or obligations undertaken by it under this Plan.

**10.05. Entire Agreement.** This Plan, as described herein, the Confirmation Order, and all other documents and instruments to effectuate this Plan provided for herein, constitute the entire agreement and understanding among the parties hereto relating to the subject matter hereof and supersedes all prior discussions and documents.

**10.06. Section 1146 Exemption.** Pursuant to Section 1146©) of the Bankruptcy Code, the issuance, transfer or exchange or any security under this Plan or the making or delivery of any instrument or transfer pursuant to, in implementation of or as contemplated by this Plan or the transfer of any property pursuant to this Plan shall not be taxed under any federal, state or local law imposing a stamp, transfer or similar tax or fee.

**10.07. Provisions Governing Distributions.** All payments and distributions under the Plan shall be made by the Debtor as indicated. Any payments or distributions to be made by the Debtor pursuant to the Plan shall be made as soon as reasonably practicable after the Effective Date, except as otherwise provided for in the Plan, or as may be ordered by the Bankruptcy Court. Any payment or distribution by the Debtor pursuant to the Plan, to the extent delivered by the United States Mail, shall be deemed made when deposited into the United States Mail.

Payments of Cash to be made by the Debtor pursuant to the Plan shall be made by check drawn on a domestic bank or by wire transfer from a domestic bank.

Distributions and deliveries to holders of Allowed Claims shall be made at the addresses set forth on the proofs of Claim or proofs of interest filed by such holders (or at the last known addresses of such holders if no proof of Claim or proof of interest is filed). All Claims for undeliverable distributions shall be made on or before the second anniversary of the Effective Date. After such date, all unclaimed property shall remain the property of the Debtor and the Claim of any other holder with respect to such unclaimed property shall be discharged and forever barred.

Checks issued by the Debtor in respect of Allowed Claims shall be null and void if not cashed within ninety (90) days of the date of delivery thereof. Requests for reissuance of any check shall be made directly to the Debtor by the holder of the Allowed Claim to whom such check originally was issued. Any claim in respect of such a voided check within ninety (90) days after the date of delivery of such check. After such date, all Claims in respect of void checks shall be discharged and forever barred, and the amount of such checks shall become Unclaimed Property and returned to the Debtor.

No interest shall be paid on any Claim unless, and only to the extent that, the Plan specifically provides otherwise.

**10.08. Governing Law.** Unless a rule of law or procedure supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules) is applicable, or a specific choice of law provision is provided, the internal laws of the State of Texas shall govern the construction and implementation of the Plan and any agreements, documents, and instruments executed in connection with the Plan, without regard to conflicts of law.

**10.09 Default.** If the Debtor fails to satisfy any of the obligations under this Plan and such default is not cured within 15 business days of the date of transmission of notice of the default to the Debtor, then the defaulted party may pursue all of its remedies outside of the Bankruptcy Court, including, but not limited to, foreclosure on its lien(s) on property. For purposes of this provision, notice shall be provided to the Debtor by U.S. certified mail, postage prepaid, to the Debtor's last known address and by facsimile transmission to Debtor's counsel, Joyce Lindauer, Esq., at (972) 503-4034.

## ARTICLE XI
## MODIFICATION OF THE PLAN

**11.01** The Debtor may propose amendments to or modifications of this Plan under Bankruptcy Code Section 1127 at any time prior to Confirmation upon notice to all parties affected thereby and providing such parties an opportunity to be heard on the proposed amendment. After Confirmation, the Debtor may remedy any defects or omissions or reconcile any inconsistencies in this Plan or in the Final Order in such manner as may be necessary to carry out the purpose and intent of this Plan so long as the interests of Claimants or Interest holders are not materially and adversely affected.

## ARTICLE XII
## RETENTION OF JURISDICTION

Notwithstanding confirmation of the Plan or the Effective Date having occurred, the Court will retain jurisdiction for the following purposes:

**12.01 Allowance of Claims.** To hear and determine the allowability of all Claims upon objections to such Claims.

**12.02 Executory Contracts and Unexpired Leases Proceedings.** To act with respect to proceedings regarding the assumption of any executory contract or unexpired lease of the Debtor pursuant to §§ 365 and 1123 of the Code and Article VII of the Plan.

**12.03 Plan Interpretation.** To resolve controversies and disputes regarding the interpretation of the Plan.

**12.04 Plan Implementation.** To implement and enforce the provisions of the Plan and enter orders in aid of confirmation and implementation of the Plan.

**12.05 Plan Modification.** To modify the Plan pursuant to § 1127 of the Code and applicable Bankruptcy Rules, except that no modification shall be made to the Plan that would impair, diminish or affect in any way the rights of participants of any Classes of the Plan without the consent of such Class.

**12.06 Adjudication of Controversies.** To adjudicate such contested matters and adversary proceedings as may be pending or subsequently initiated in the Court against the Debtor.

**12.07 Injunctive Relief.** To issue any injunction or other relief as appropriate to implement the intent of the Plan, and to enter such further orders enforcing any injunctions or other relief issued under the Plan or in the Confirmation Order.

**12.08 Interpleader Action.** To entertain interpleader actions concerning assets to be distributed or other assets of the Estate.

**12.09 Correct Minor Defects.** To correct any defect, cure any omission or reconcile any inconsistency or ambiguity in the Plan, the Confirmation Order or any document executed or to be executed in connection therewith, as may be necessary to carry out the purposes and intent of the Plan, provided that the rights of any holder or an Allowed Claim are not materially and adversely affected thereby.

**12.10 Authorization of Fees and Expenses.** To review and authorize payment of professional fees incurred prior to the Effective Date.

**12.11 Post-Confirmation Orders Regarding Confirmation.** To enter and implement such orders as may be appropriate in the event the Confirmation Order is, for any reason, stayed, reversed, revoked, modified, or vacated.

**12.12 Final Decree.** To enter a final decree closing the Case pursuant to Bankruptcy Rule 3022.

**12.13 Grant a Discharge.** The Court shall retain jurisdiction to grant a discharge of the Debtor after completion of the payments called for by the Plan.

**12.14 Reopen Case.** The Court shall retain jurisdiction to reopen the case to consider and grant a discharge of the Debtor.

By: **/s/ Joyce Lindauer**

Joyce Lindauer
Attorney at Law
Texas Bar No. 21555700
8140 Walnut Hill Lane
Suite 301
Dallas, TX 75231
Tel: (972) 503-4033
Fax: (972) 503-4034
COUNSEL FOR THE DEBTOR


/s/ Thomas Dickinson Armour, III
Thomas Dickinson Armour, III